# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY ELLIS,**

        Petitioner,

  -vs-                                                   **Case No. 07-C-882**

**JEFFREY ENDICOTT,**

        Respondent.

## DECISION AND ORDER

Anthony Ellis ("Ellis") is serving a 25-year prison sentence for armed robbery and attempted armed robbery. After being convicted in state court, Ellis pursued a variety of claims on appeal and through motions for post-conviction relief. Ellis now petitions this court for habeas relief under 28 U.S.C. § 2254. He also moves for appointment of counsel and requests leave to proceed *in forma pauperis* ("IFP").

On appeal in state court,[1] Ellis' appellate counsel filed a no-merit report pursuant to Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738 (1967). The court of appeals held that there was no arguable merit to any of the issues that were raised and relieved appellate counsel from further representation. The Supreme Court for Wisconsin denied Ellis' petition for review.

Ellis then filed a *pro se* motion for post-conviction relief under Wis. Stat. § 974.06, alleging ineffective assistance of trial counsel. The circuit court held that Ellis waived this claim by failing to raise it in response to the previous no-merit report. "The defendant did raise various issues in response to the no merit report, but not the current issues. . . . The court finds no reason why the defendant could not have raised the current issues in response to counsel's no merit

---

[1] Ellis attached copies of the state court decisions regarding his claims for post-conviction relief.

report." (Docket No. 1, Decision and Order Denying Motion to Vacate Judgment or for New Trial, Case No. 02CF001477, November 15, 2006). Ellis moved for reconsideration, arguing that it was appellate counsel's responsibility to raise his ineffective assistance claims in his no merit report. The circuit court disagreed: "There is no Wisconsin authority which provides that appellate counsel's failure to raise an issue under the no merit procedure constitutes a sufficient reason for the *defendant's* failure to raise that issue previously." (Docket No. 1, Decision and Order Denying Motion for Reconsideration, Case No. 02CF001477, November 30, 2006).

Subsequently, Ellis brought his ineffective assistance claim in an original action for habeas corpus in the Wisconsin court of appeals. The court of appeals dismissed the action, suggesting that Ellis had an adequate remedy through an appeal from the circuit court's orders denying relief. (Docket No. 1, Case No. 2007AP159-W, January 30, 2007). Ellis followed this suggestion and appealed those orders, but the court of appeals dismissed the appeal as untimely. (Docket No. 1, Case No. 2007 AP829, June 19, 2007). Finally, Ellis brought another post-conviction motion in the circuit court, which was dismissed again on waiver grounds. (Docket No. 1, Decision and order Denying Motion for New Trial or Plea Withdrawal, Case No. 02CF001477, September 19, 2007).

In this action, Ellis argues that the Wisconsin courts denied his right to have his ineffective assistance of trial and appellate counsel claims adjudicated. Accordingly, Ellis wants this Court to force the state courts to consider and adjudicate his ineffective assistance of counsel claims. In this respect, Ellis takes issue with the Wisconsin courts' collective interpretation and application of state law in determining that Ellis waived or failed to properly raise these claims. However, it is "not the province of a federal habeas court to reexamine state court determinations

on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, Ellis does not allege a claim that is cognizable on federal habeas relief. *See, e.g., McDade v. Molina*, 71 F. Supp. 2d 903, 908-09 (C.D. Ill. 1999) (challenge to application of a procedural statute that governs when a trial court may summarily dismiss a post-conviction motion under Illinois law does not implicate a question of constitutional magnitude for purposes of federal habeas relief).

Therefore, as it appears from Ellis' petition and the attached exhibits that he is not entitled to relief in this Court, Ellis' petition is dismissed and his motion for appointment of counsel is denied as moot. *See* Rule 4 of the Rules Governing Section 2254 Cases. However, Ellis' request to proceed IFP is granted to the extent that it excuses him from paying the filing fee for this petition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Ellis' motion for leave to proceed IFP [Docket No. 2] is **GRANTED**;

2. Ellis' motion for appointment of counsel [Docket No. 3] is **DENIED**; and

3. Ellis' petition for a writ of habeas corpus [Docket No. 1] is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**