# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY ELLIS,**

        Petitioner,

        -vs-

**Case No. 07-C-882**

**JEFFREY ENDICOTT,**

        Respondent.

## DECISION AND ORDER

On October 11, the Court dismissed Anthony Ellis' habeas petition on Rule 4 review. Now before the Court is Ellis' motion to reconsider/alter or amend that judgment pursuant to Fed. R. Civ. P. 59(e).

In dismissing Ellis' petition, the Court construed Ellis' claim for relief as follows: "Ellis argues that the Wisconsin courts denied his right to have his ineffective assistance of trial and appellate counsel claims adjudicated. Accordingly, Ellis wants this Court to force the state courts to consider and adjudicate his ineffective assistance of counsel claims. In this respect, Ellis takes issue with the Wisconsin courts' collective interpretation and application of state law in determining that Ellis waived or failed to properly raise these claims." (Docket No. 4 at 2). Therefore, the Court dismissed Ellis' petition because it presented an issue of state law, which is not cognizable in a request for federal habeas relief.

Now, Ellis argues that he did present a claim that is cognizable for federal habeas relief. Ellis states that he raised (or raises) the claim that he was denied the right to appeal

the issue of the ineffective assistance of his post-conviction counsel in the State courts. This is an odd, circular way of stating a claim, but it appears that Ellis is saying the same thing that he said before: that the application of Wisconsin's procedural default/waiver rules violated his federal constitutional rights.

28 U.S.C § 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." A motion under Fed. R. Civ. P. 60 that "attacks the federal court's previous resolution of a claim on the merits" qualifies as a successive application "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

The Court's initial decision was "on the merits" because it was a determination that there "exist or do not exist grounds entitling a petitioner to habeas corpus relief." *Gonzalez*, 545 U.S. at 533 n.4. Moreover, courts generally recognize that a motion under Rule 59 is treated the same as a Rule 60 motion for purposes of this inquiry. *See, e.g., Aird v. United States*, 339 F. Supp. 2d 1305, 1309 (S.D. Ala. 2004) (rationale for deciding whether a motion for reconsideration should be treated as a second or successive habeas petition should extend to encompass Rule 59(e) motions as well as Rule 60(b) motions). Therefore, the instant motion must be dismissed for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Ellis' motion to alter or amend [Docket No. 6] is **DISMISSED** for lack of jurisdiction as a successive petition.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**